UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DBW PARTNERS, LLC, d/b/a THE CAPITOL FORUM, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-311 (RBW) |
| BLOOMBERG, L.P. and, BLOOMBERG FINANCE, L.P. | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

The plaintiff, DBW Partners, LLC, doing business as The Capitol Forum (the "Capitol Forum"), brings this civil action against the defendants, Bloomberg, L.P. and Bloomberg Finance, L.P. (collectively, "Bloomberg"), alleging federal claims of direct and contributory copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C § 101 (2018), as well as a common law claim of misappropriation of proprietary information under the "hot news" doctrine. See Complaint ("Compl.") ¶¶ 19–33.[1] Currently before the Court is the Defendants' Motion to Dismiss ("Defs.' Mot."), which seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)[2] for lack of subject matter jurisdiction, or pursuant to Federal

---

[1] The Complaint also alleges a claim for tortious interference with contract against Bloomberg, see Compl. ¶¶ 60–68; however, Capitol Forum voluntarily dismissed this claim without prejudice on March 15, 2019, see Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

[2] In its memorandum in support of its motion to dismiss, Bloomberg argues that the Court lacks subject matter jurisdiction because Capitol Forum did not provide its copyright registration certificates. See Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Mem.") at 5–6. Subsequently, Capitol Forum attached its copyright registration certificates to its opposition. See generally Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n"), Exhibit ("Ex.") 1 (Copyright Registration Certificates). The Court concludes that it has subject matter jurisdiction in this case, because Capitol Forum's copyright registration certificates, which

(continued . . .)

Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Defs.' Mot. at 1, 5. Upon careful consideration of the parties' submissions,[3] the Court concludes for the following reasons that it must grant in part and deny as moot in part Bloomberg's motion to dismiss.

## I. BACKGROUND

Capitol Forum is an "investigative news and legal analysis company" that "publishes a premium internet-based subscription service." Compl. ¶¶ 2, 13. Each month, Capitol Forum issues a number of reports on various subjects concerning "the effect of government policy on publicly traded corporations and market competition." Id. According to Capitol Forum, a typical report "may include an in-depth analysis of the market impact of a significant policy or detail a parallel investigation of a major antitrust review[,]" id. ¶ 14, and is "presented in a manner that is intended to inform . . . a subscriber's investment decisions[,]" id. ¶ 15.

Capitol Forum's reports are intended to be "distributed . . . only to paid subscribers, or to other authorized recipients," all of whom "must execute [a subscription agreement] [that] prohibits redistribution of Capitol Forum's content." Id. ¶ 17. Additionally, Capitol Forum's

---

(. . . continued)
the Court may consider "to resolve the question [of] whether it has jurisdiction in [this] case," Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (stating that the Court "need not limit itself to the allegations of the complaint" but rather "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction in the case"), indicate that they were issued between the years 2016 and 2018, see generally Pl.'s Opp'n, Ex. 1 (Copyright Registration Certificates),—prior to Capitol Forum's initiation of its infringement lawsuit in 2019, see Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, __ U.S. __, __, 139 S. Ct. 881, 886 (2019) ("[A] copyright claimant may commence an infringement suit[] when the Copyright Office registers a copyright."). The Court therefore denies as moot Bloomberg's motion to dismiss for lack of subject matter jurisdiction.

[3] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Mem."); (2) the Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp'n"); and (3) the Defendants' Reply Regarding Motion to Dismiss ("Defs.' Reply").

reports purportedly "contain copyright notices and state that they may not be reproduced or distributed without [the] [p]laintiff's permission." Id. ¶ 16.

According to Capitol Forum, "[o]n numerous occasions" Bloomberg "impermissibly solicited and obtained [Capitol Forum's] proprietary reports," "copied and quoted the most creative and original aspects of the reports," "published its own summary or abstract . . . in the form of a 'news alert,'" and "distributed these 'news alerts' to its own subscribers on its 'First Word' news service." Id. ¶ 22. Bloomberg purportedly "solicits Capitol Forum subscribers to forward the Capitol Forum publications to it." Id. ¶ 28. Allegedly, Joshua Fineman, an employee of Bloomberg, "induced one of Capitol Forum's subscribers . . . to provide him with Capitol Forum reports in exchange for . . . market information." Id. "Other than including a current market price or a reference to a past article, Bloomberg [allegedly] does not add any of its own analysis or contribute any meaningful reporting to [Capitol Forum's] work." Id. ¶ 22. Thereafter, Bloomberg allegedly "extract[s] the key information from [Capitol Forum's] reports, and repackage[s] [its] work in a bullet-point form for a quick read." Id. However, Capitol Forum admits that "Bloomberg cites Capitol Forum as the source of its summaries and abstracts." Id.

Capitol Forum filed its Complaint in this case on February 7, 2019. See Compl. at 1. Thereafter, Bloomberg filed its motion to dismiss, see generally Defs.' Mot., which is the subject of this Memorandum Opinion.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). "[T]he complaint need only set forth 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a)(2), giving the defendant fair notice of the claim and the grounds upon which it rests." Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Also, the Court need not accept "legal conclusions cast as factual allegations," or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint." Hettinga, 677 F.3d at 476. Moreover, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

### III.     ANALYSIS

Capitol Forum alleges that Bloomberg has "infringed [Capitol Forum's] copyright in its proprietary reports by copying and distributing content from the reports to its own subscribers without [Capitol Forum's] consent or authorization." Compl. ¶ 39. Bloomberg argues in response that the Complaint fails to state a claim upon which relief may be granted because it "does not identify the specific works [that] Capitol Forum claims were directly or indirectly infringed by Bloomberg," and instead "makes only vague, blanket assertions that . . . Bloomberg has 'infringed [Capitol Forum's] copyright in its proprietary reports.'" Defs.' Mem. at 9–10 (quoting Compl. ¶¶ 38–39). The Court agrees with Bloomberg that Capitol Forum has not sufficiently stated a claim for copyright infringement.

"To prevail on a copyright claim, a plaintiff must prove both ownership of a valid copyright and that the defendant copied original or 'protectible' aspects of the copyrighted work." Sturdza v. United Arab Emirates, 281 F.3d 1287, 1295 (D.C. Cir. 2002) (citing Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., 499 U.S. 340, 348, 361 (1991)). A plaintiff may prove that a defendant "copied" its copyrighted work with either direct evidence, or by establishing: (1) that the defendant had access to the copyrighted work, and (2) the substantial similarity between the protectable material in the plaintiff's and the defendant's works. See Prunte v. Universal Music Grp., 484 F. Supp. 2d 32, 40–41 (D.D.C. 2007); see also Whitehead v. Paramount Pictures Corp., 53 F. Supp. 2d 38, 46 (D.D.C. 1999). In determining whether there is substantial similarity, the Court must conduct a two-step analysis. First, the Court must identify which parts of the author's work are protectable by copyright. See Sturdza, 281 F.3d at 1295. Second, after excluding the unprotectable ideas, the Court must determine whether the allegedly infringing work is substantially similar to the protectable ideas and expressions in the author's

work. See id. at 1296. "Substantial similarity is a question that should be decided either by a factfinder at trial or, in some cases, in the context of a motion for summary judgment, not on a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Prunte, 484 F. Supp. 2d at 41.

Here, Capitol Forum has failed to allege sufficient facts for the Court to draw a reasonable inference that Bloomberg is liable for copyright infringement. As Bloomberg correctly notes, the Complaint fails to identify not only "the specific works [that] Capitol Forum claims were directly or indirectly infringed by Bloomberg," Defs.' Mem. at 9, but also the "news stories [published by Bloomberg that] purportedly infringed those works," id. at 10. Instead, the Complaint simply states that "Bloomberg has 'infringed [Capitol Forum's] copyright in its proprietary reports.'" Id. at 9–10 (quoting Compl. ¶¶ 38–39). Such a conclusory statement is insufficient to allow the Court to determine what materials have allegedly been infringed, and consequently, to draw a reasonable inference that Bloomberg is liable for copyright infringement. See Hettinga, 677 F.3d at 476. Although the Court need not engage in the substantial similarity analysis at this juncture, see Prunte, 484 F. Supp. 2d at 41, Capitol Forum must nonetheless allege more than conclusory generalizations before the Court can make this determination. Capitol Forum must first identify the copyrighted works that form the basis of its claims, and failure to do this makes it "virtually impossible to determine what materials have allegedly been infringed." Newborn v. Yahoo!, Inc., 391 F. Supp. 2d 181, 187 (D.D.C. 2005) (Walton, J.). The Court therefore concludes that Capitol Forum has failed to satisfy the basic pleading requirement of "alleg[ing] the existence of specific works subject to the copyright claim[s]." Potter v. Toei Animation Inc., 839 F. Supp. 2d 49, 53 (D.D.C. 2012), aff'd, No. 12-5084, 2012 WL 3055990 (D.C. Cir. July 18, 2012).

In an attempt to defeat Bloomberg's motion to dismiss, Capitol Forum has identified the reports that Bloomberg allegedly copied in its opposition brief and accompanying exhibits. See Pl.'s Opp'n at 9–10; see also id., Ex. 5 (Tables of Infringed Capitol Forum Publications); compare id., Ex. 2 (Capitol Forum Report (Aug. 22, 2017)), with id., Ex. 3 (Bloomberg Update (Aug. 22, 2017)). However, "[a] plaintiff may not amend [its] complaint by the briefs in opposition to a motion to dismiss," Middlebrooks v. Godwin Corp., 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), and, in evaluating a motion to dismiss, the Court cannot consider materials outside the Complaint, see St. Francis Xavier Parochial Sch., 117 F.3d at 624. Rather, the Court can only consider the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, or matters of which the Court can take judicial notice. See id. Capitol Forum unsuccessfully claims that the Court should consider "documents outside the pleadings here because the Complaint references and necessarily relies upon them." Pl.'s Opp'n at 10, n.4 (citing Mead v. Lindlaw, 839 F. Supp. 2d 66, 70 (D.D.C. 2012)). Although Capitol Forum is correct that, on a motion to dismiss, a court can consider documents upon which the plaintiff's complaint necessarily relies, Capitol Forum's Complaint does not necessarily rely on the supplemental materials it attached to its opposition because the Complaint does not "quote from [or] discuss [any of the exhibits attached to its opposition] extensively." Dist. No. 1, Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n, AFL-CIO v. Am. Mar. Officers, 75 F. Supp. 3d 294, 306 (D.D.C. 2014). Moreover, the Complaint "does not mention, much less discuss or describe" the documents that Capitol Forum seeks to rely on to survive the motion to dismiss. Id. at 306–07. Rather, the Complaint simply states that Bloomberg generally infringed Capitol Forum's works without addressing any of the material contained in its exhibits. Therefore, such documents are not materials upon which the Complaint "necessarily relies," id., and the Court

will not sanction Capitol Forum's improper attempts to reformulate its claims via its opposition brief.

Capitol Forum's argument that it primarily relies on—that Bloomberg has fair notice of Capitol Forum's copyright claims—is unavailing. See Pl.'s Opp'n at 9. Capitol Forum alleges that it "set forth 'a short and plain statement of the claim,' giving the defendant fair notice of the claim and the grounds upon which it rests," as required by Federal Rule of Civil Procedure 8. Id. at 6–7 (quoting Fed. R. Civ. P. 8(a)(2)).[4] Capitol Forum argues that its Complaint outlines its copyright claims "in significant detail," including its allegations that one of Bloomberg's employees, Joshua Fineman, receives Capitol Forum's reports from subscribers and then "summarizes the reports, provides quotations from those reports, and disseminates them to Bloomberg subscribers[.]" Id. at 9. Capitol Forum also claims that the Complaint "makes clear the type of material that Capitol Forum is seeking to protect," that being "the Capitol Forum analyses that are subsequently copied and disseminated by Bloomberg[.]" Id. However, Capitol Forum's Complaint is insufficient to "provide [Bloomberg] notice of the claims alleged against [it]," such that Bloomberg can appropriately respond. Newborn, 391 F. Supp. 2d at 187. The Complaint must allege more than generalizations about Bloomberg's behavior or the type of material that it is seeking to protect, see id. at 188 ("[V]ague statements are simply insufficient to put [] defendants on notice of the claims against them."), and in the context of this case, the Complaint must identify the specific infringed works that form the basis for Capitol Forum's copyright claims. And contrary to Capitol Forum's argument that "a plaintiff at this stage of the

---

[4] Capitol Forum contends that "[t]here is no heightened pleading standard in copyright cases, and notice pleading is clearly sufficient under Rule 8 of the Federal Rules of Civil Procedure." Pl.'s Opp'n at 6. Although Capitol Forum is correct that a heightened pleading standard is not applicable here, Capitol Forum has not even met the notice pleading standard. See Pl.'s Opp'n at 6–7 (quoting Fed. R. Civ. P. 8(a)(2)).

8

proceedings need not allege the exact content that [the] [d]efendants are suspected of copying,"[5] Pl.'s Opp'n at 7 (internal quotation marks omitted), to plead a claim of copyright infringement, a plaintiff must "allege in [its] complaint what materials are being infringed and that the plaintiff owns the copyright for those materials," Newborn, 391 F. Supp. 2d at 187, which Capitol Forum has failed to do. Therefore, the Court finds that Capitol Forum has failed to state a claim of copyright infringement against Bloomberg. Accordingly, Bloomberg's Rule 12(b)(6) motion to dismiss is granted as to Capitol Forum's federal copyright infringement claims, and the Court will dismiss these claims without prejudice.

As noted previously, Capitol Forum also brings a contributory copyright infringement claim against Bloomberg, alleging that "by inducing and encouraging direct copyright infringement by one or more Capitol Forum subscribers, Bloomberg has engaged in the contributory infringement of Capitol Forum's copyrighted works." Pl.'s Opp'n at 11; see also Compl. ¶ 50. However, "[t]o establish a claim of contributory copyright infringement, a plaintiff must first demonstrate that the plaintiff's copyrights have been directly infringed by a third party." Newborn, 391 F. Supp. 2d at 186 (citing Monotype Imaging, Inc. v. Bitstream, Inc., 376

---

[5] Capitol Forum provides several cases from other jurisdictions to support this claim. See Facebook, Inc. v. Power Ventures, Inc., No. 08-cv-05780, 2009 WL 1299698, at *4 (N.D. Cal. May 11, 2009); Carter v. Pallante, 256 F. Supp. 3d 791, 798–99 (N.D. Ill. 2017); Pfeffer v. Empire Stat, Inc., No. 03 Civ. 1404, 2006 WL 3096027, at *3 (S.D.N.Y. Nov. 1, 2006); LTM Int'l, Inc. v. Brown, No. 04-61716-CIV, 2005 WL 1279043, at *1 (S.D. Fla. Apr. 15, 2005); Tin Pan Apple v. Miller Brewing Co., 737 F. Supp. 826, 828 (S.D.N.Y. 1990). However, these cases are not analogous to the case at hand. In each of the cases that Capitol Forum relies on, the plaintiffs' complaints identified the infringed works. See, e.g., Facebook, Inc., 2009 WL 1299698, No. 08-cv-05780, Compl. ¶¶ 31, 34, ECF No. 1 (identifying copyright registration number for work at issue); Carter, 256 F. Supp. 3d 791, No. 16-cv-06786, Compl. ¶¶ 55, 75, ECF No. 1 (identifying copyrighted works at issue and attaching copies of registrations). And, in several of the cases that Capitol Forum relies on, the plaintiffs' complaints identified not only the infringed work, but also the infringing work. See Pfeffer, 2006 WL 3096027, at *2 (identifying the defendant's report that copied the "text, format and style" of the plaintiff's radiological reports, and providing her "certificates of registration dated January 2, 2001, for certain of her works from the United States Copyright Office"); LTM Int'l, Inc., 2005 WL 1279043, at *2 (identifying "six copyrighted designs" that the defendants allegedly copied in their t-shirts, and providing "photographic depictions of the copyrighted designs and several of the infringing t-shirts"); Tin Pan Apple, Inc., 737 F. Supp. 826, 827–28 (S.D.N.Y. 1990) (identifying "specific recordings" for which the plaintiffs owned copyrights, and including "detailed descriptions" of the defendants' allegedly infringing conduct). Here, however, Capitol Forum's Complaint merely states in conclusory terms that Bloomberg generally infringed its works and fails to identify either the infringed or infringing works. See Compl. ¶¶ 28–29.

F. Supp. 2d 877, 883 (N.D. Ill. 2005)). Because Capitol Forum's Complaint fails to identify what underlying works are being infringed—either by Bloomberg, or by third parties—for the same reasons that Capitol Forum's direct copyright infringement claim fails, the Court finds that Capitol Forum's contributory copyright claim necessarily fails as well. Accordingly, the Court will also dismiss the plaintiff's contributory copyright claim without prejudice.

Because the Court "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3) (2018), the Court "decline[s] to exercise supplemental jurisdiction over" Capitol Forum's remaining common law claim for misappropriation of proprietary information under the "hot news" doctrine, id. Whether to retain jurisdiction over remaining common law claims after the dismissal of federal claims is a matter left to a district court's discretion. See Shekoyan v. Sibley Int'l, 409 F.3d 414, 423 (D.C. Cir. 2005). And, "[i]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 424 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Here, the Court agrees with Bloomberg that the balance of factors weighs against exercising supplemental jurisdiction over the remaining common law claim. See Defs.' Mem. at 7–8. Given that the current litigation is at an early stage and the parties have not yet conducted discovery, dismissing the remaining claim would not waste judicial resources or require the Superior Court for the District of Columbia (the "Superior Court") to duplicate this Court's efforts. Additionally, pursuing this litigation before the Superior Court is not only convenient to Capitol Forum, a corporation operating in the District of Columbia, see Compl. ¶ 7, but also fair to Capitol Forum since it is not precluded from filing its common law claim in

10

the Superior Court, see 28 U.S.C. § 1367(d) (providing that the limitations period for any claims brought pursuant to §1367(a) is tolled while the claim is pending and for thirty days after dismissal). Finally, the remaining claim involves the question of whether the District of Columbia should recognize a tort for "hot news" misappropriation under District of Columbia law. This Court finds no reason to adjudicate a claim exclusively involving the construction and application of District of Columbia law absent any particular interest favoring the exercise of its jurisdiction. There being none, the Court therefore declines to exercise supplemental jurisdiction and will dismiss Capitol Forum's misappropriation claim without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Capitol Forum has failed to state a claim for direct copyright infringement and contributory copyright infringement. The Court further concludes that it should not exercise jurisdiction over Capitol Forum's common law "hot news" misappropriation claim. Accordingly, the Court will grant in part and deny as moot in part Bloomberg's motion to dismiss, and dismiss the plaintiff's Complaint without prejudice.

**SO ORDERED** this 12th day of November, 2019.[6]

REGGIE B. WALTON  
United States District Judge

---

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.